## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH

**RANCE LEON COX**                                                                                          **PLAINTIFF**

**v.**                                                                **CIVIL ACTION NO. 5:15CV-P111-TBR**

**FULTON COUNTY DETENTION CENTER STAFF** *et al.*                                     **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on initial review of Plaintiff Rance Leon Cox's *pro se* complaint pursuant to 28 U.S.C. § 1915A.  For the reasons that follow, the Court will dismiss all claims but allow Plaintiff an opportunity to amend the complaint.

### I. SUMMARY OF CLAIMS

Plaintiff is a convicted inmate incarcerated in the Fulton County Detention Center (FCDC).  He brings this action pursuant to 42 U.S.C. § 1983 against FCDC "Staff"; Fulton County Jailer Ricky Parnell; FCDC physician Dr. Charles Paulius; and FCDC Captain Thomas Daniels.  He sues Defendants Parnell, Dr. Paulius, and Daniels in their individual and official capacities but does not indicate the capacity in which he sues "Staff."

 Plaintiff initiated this action by filing a handwritten letter alleging that he is being refused access to a mental health doctor and medication; that he and others are separated from the general population "because we are diabetic"; and that he has asked to be placed into protective custody "because I fear for my life but no one does any thing about that either."

In response to a Court Order, Plaintiff filed his complaint on a § 1983 form.  Therein, he asserts four claims.  First, he again claims that he is being denied access to a mental health doctor and reports that he draws "SSI for Mental Problems."  He alleges that he has been trying to get an appointment for nearly six months without success.  Second, Plaintiff states, "Need my COPD

Neubilizer and inhalers two hospitals say I have COPD But this place say's I Don't!  Refuse to give me my inhalers and Breathing treatment!"  Third, Plaintiff states, "I am a Diabetic and this place has cut my food to 1800 cals a Day, But still feed me white Bread, white Rice, potatoes etc., that a Diabetic Aren't supposed to Eat!"  Plaintiff "believe[s] all three of these complaints are Cruel And Unusal" and also constitute discrimination.

Finally, Plaintiff claims that he asked to be placed in protective custody but that "They have no PC!  I've Been in the hole since 12th of June when they learnt of this lawsuit!"

As relief, Plaintiff seeks punitive damages.

## II.  STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

### III. ANALYSIS

#### A. *Official-Capacity Claims*

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against Defendants are actually against Fulton County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).

As to the second issue, "a municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he

touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

To the extent that Fulton County may have a policy of separating diabetic inmates from the general population, Plaintiff fails to state a constitutional claim. He fails to allege any harm or injury or any denial of treatment as a result of being separated and thus fails to state an Eighth Amendment claim. *See Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976). Plaintiff also fails to state a Fourteenth Amendment claim because the law is clear that a prisoner has no constitutional right to be incarcerated in a particular institution or a particular part of an institution. *See Montanye v. Haymes*, 427 U.S. 236 (1976); *Beard v. Livesay*, 798 F.2d 874 (6th Cir. 1986); *Dancy v. George*, Civil Action No. 07-CV-97-GFVT, 2007 WL 2251926, at *2 (E.D. Ky. Aug. 2, 2007) ("Well-settled law establishes that prisoners have no inherent constitutional right to placement in any particular prison; transfers to any particular prison; any particular security classification; or housing assignment."). Further, Plaintiff fails to show that his placement away from the general population "imposes atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

None of Plaintiff's remaining claims in the complaint allege that any wrongdoing or injury occurred as a result of a policy or custom implemented or endorsed by Fulton County. Accordingly, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim. Therefore, the official-capacity claims against all Defendants will be dismissed.

### B. Individual-Capacity Claims

Plaintiff also sues Defendants Jailer Parnell, Dr. Paulius, and Capt. Daniels in their individual capacity. While the Court has a duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for [his] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Federal Rule of Civil Procedure 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976).

Plaintiff fails to state in the complaint the grounds for seeking relief against Defendants Jailer Parnell, Dr. Paulius, and Capt. Daniels. In fact, other than listing Jailer Parnell, Dr. Paulius, and Capt. Daniels as Defendants, Plaintiff fails to mention them elsewhere in the complaint. Because Plaintiff fails to set forth any specific facts with respect to the named Defendants, the individual-capacity claims must be dismissed against them for failure to meet the pleading standards of Rule 8(a). Moreover, even if Plaintiff sued Defendant FCDC "Staff" in

his/their individual capacity, those claims would be dismissed under Rule 8(a) as well because he fails to state any facts involving "Staff."

Despite Plaintiff's failure to meet Rule 8(a) standards, however, the Court will give him an opportunity to file an amended complaint to state specific allegations against each individual Defendant named in the complaint and to state specific allegations against any other individuals who were involved in the claims alleged in the complaint. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA.").

## IV.  ORDER

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the official-capacity claims against all Defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that that individual-capacity claims against all Defendants are **DISMISSED without prejudice** for failure to meet the pleading requirements of Rule 8(a).

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff may file an amended complaint to state specific allegations against each individual Defendant named in the complaint and to state specific allegations against any other individuals who were involved in the claims alleged in the complaint**. The **Clerk of Court is DIRECTED** to place the case number and word "Amended"

on a § 1983 complaint form and send it to Plaintiff for his use should he wish to amend the complaint.

**<u>Plaintiff is WARNED that his failure to file an amended complaint within 30 days will result in dismissal of the entire action with prejudice for the reasons stated herein</u>**.

Date:

cc: Plaintiff, *pro se*
    Defendants
    Fulton County Attorney
4413.005